BAILEY & BEAN *v.* WILSON.

[90 South. 362, No. 22244.]

1. TAXATION. *Act relating to form of assessment rolls repealed.*
   Chapter 89, Laws 1912, was repealed by chapter 135, Laws 1918.

2. CONSTITUTIONAL LAW. *Provision directing state tax commission to prescribe form of assessment rolls not a delegation of legislative power.*
   The provision of section 1, chapter 135, Laws 1918, directing the state tax commission to prescribe the form of the assessment rolls, is not a delegation to the commission of legislative power, and therefore does not violate section 33 of the state Constitution.

APPEAL from chancery court of Madison county.
HON. V. J. STRICKER, Chancellor.

Suit by Bailey & Bean against J. E. Wilson. From a dismissal of the bill, plaintiffs appeal. Affirmed.

*E. L. Brown,* for appellant.

The Act of 1918, chapter 135, section 17, is relied on for the proposition that chapter 89 was repealed. It is inconceivable that the eleven sections of the Code of 1906 were intended thereby to be wholly repealed, and the tax commission thereby attempted to be invested with the legislative power of determining what information the tax roll shows, rather than what form it should take, from

128 Miss.—4

the use of the language found in section 1, and they are further empowered to have such rolls properly ruled and headed in every particular and to prescribe the form of such rolls.

To have such rolls properly ruled and headed in every particular presupposes some method prescribed by law as a proper way to rule, and proper subject-matter to be contained in the heading. To prescribe the form, is comparatively unimportant. To authorize the holding that is contended for by counsel opposite, that is, that the act empowers the tax commission to provide what shall be the substance of the roll, the act must be held to sacrifice substance to form.

The act can be so construed as not to so sacrifice it, by construing it to mean. that all of the eleven sections mentioned, chapter 89, Acts of 1912, and all other laws are, so far as they conflict herewith, hereby repealed. We should then have the legislature retaining its legislative power, and not delegating to the tax commission its power to say what information the tax rolls shall contain.

It is incomprehensible that the legislature intended to authorize the tax commission to do other than determine what form the rolls should take when it would thereby delegate the power to say what information the boards of the supervisors and the commission should have before them, upon which to make their adjudication. To otherwise construe the act, would be to delegate to them the power to determine the whole method of ascertaining intrinsic value of the property assessed, and to consider whatsoever element of value they might see fit, as well as what would be evidence of such value.

This would render the act unconstitutional as a delegation of legislative power. *Commack* v. *Williams,* 27 Miss. 209; *Alcorn* v. *Hamer,* 38 Miss. 652.

This would render the act violative of the equality and uniformity provision of the constitution, instead of dovetailing with the other cognate sections all tending to fur-

nish a uniform rule for the assessment at true value. *Darnell* v. *Revenue Agent,* 109 Miss. 570.

If such delegation of power would render the act unconstitutional, the Act of 1912 and all cognate sections of the code would remain the law applicable. *Butts* v. *Ricks,* 82 Miss. 533. If such delegation of power would not render the act unconstitutional, the form provided by the tax commission is a part of the alleged repealing act, and that form prescribes the substance of the Act of 1921; and no effective repeal ever took place, for, if the repealing act substantially re-enacts the repealed statute, this court holds with the weight of authority, that the so-called repealed act has not, in legal contemplation, been repealed, but remains in full force and effect. *Anding* v. *Levy,* 57 Miss. 56.

The case at bar is on all-fours with the *Darnell case supra.* We think the Act of 1918 only authorized the tax commission to provide a form to contain the proper headings, for the information called for by the Act of 1921. If mistaken in this view, we submit that the Act of 1918, was an unwarranted delegation of legislative power. If mistaken in this view, then the form and headings prescribed by the tax commission are part and parcel of that act, or are a legislative decree that the form thereby substituted shall take the place of the one prescribed by the commission, was the equivalent of that prescribed by the latter act. There never has been an instant of time when there was not a requirement that timber should be assessed separately from the land.

In any one of these several views, the revenue agent might assess timber as property that had escaped taxation, for as the assessment roll showed the existence of timber and no assessment on the same, the error was apparent, under *Darnell* v. *Revenue Agent, supra.* And the roll might be shown *aliunde,* to have failed to include the timber under *Clark* v. *Revenue Agent,* 80 Miss. 134. It is respectfully submitted that the decree appealed from

should be reversed, and one entered here for the sum sued for.

*W. H. & R. H. Powell,* for appellee.

By chapter 135, Laws 1918, page 136, the said Code section and Laws of 1912, are expressly repealed, without any saving clause of any right or remedy created by the repealed laws. The assessments at bar were made in November, 1919. It will be noted that this Act of 1918 did not take effect until October 1, 1918, and hence it cannot affect any assessment in dispute.

However, it may be noted, in passing from this act, that nothing is said about separate assessments of the land and timber. And, further that by section one of said act, the attempted delegation of legislative power to the state tax commission is null and void and unconstitutional, being violative of sections 1 and 2, articles 1 and 4 of the Constitution of Mississippi. But the further discussion of this Act of 1918, is not necessary to accomplish our purpose to show the illegality of the assessments at bar.

Now, what do our courts say about the failure of a repealing statute to save rights and remedies created by the repealed statutes? Unless the repealing statute saves the rights and remedies they cannot be enforced. They are as "dead as Hector." *Geague case,* 39 Miss. 516; *Rice case,* 46 Miss. 679; *Musgrove case,* 50 Miss. 677 (read it); *Wheller case,* 64 Miss. 462; *Hodnett case,* 66 Miss. 26; *Bradstreet Co. case,* 81 Miss. 255 (read it); *Southern case,* 84 Miss. 409; Town of Durant case, 101 Miss. 286.

Therefore, if the revenue agent ever had any rights to back assess timber when owned by the owners of the land, and the land itself has been paid on, that right was taken away by said Laws of 1918.

SMITH, C. J., delivered the opinion of the court.

This is a suit in equity by which the appellants seek to recover from the appellee damages for an alleged breach of a warranty in a deed executed by the appellee to the appellants for standing timber. The cause was heard on

bill, answer, and an agreed statement of facts, from which it appears that the timber was sold by the appellee to the appellants by warranty deed in October, 1917; that for the years 1913 to 1917, inclusive, the assessment for taxation of the land on which the timber stands was not in accordance with the provisions of chapter 89, Laws of 1912, as construed by this court in *Darnell* v. *Johnson,* 109 Miss. 570, 68 So. 780, in that the assessment roll did not set forth the value of the timber on the land; that in 1919 the land or timber, it does not clearly appear which, was caused by the state revenue agent to be back-assessed to the appellants for the years hereinbefore set forth, and they paid the taxes which thereby appeared to be due on the land, or timber, as the case may have been, for which a recovery is sought.    The court below declined to award the relief prayed, and dismissed the bill of complaint.

Chapter 89, Laws of 1912, was expressly repealed by chapter 135, Laws of 1918, before the back assessment here involved was made; consequently the assessing officers were without authority to make it.    We do not understand counsel for the appellants to contend that, if the latter statute has repealed the former, nevertheless property which had escaped taxation prior to the repeal thereof can be back-assessed thereunder.    His contention is that the latter statute should be held to have repealed the former only in so far as it conflicts therewith; but there can be no merit in this contention, for the reason that the repeal here involved is not one by implication, but is express; section 17 of the latter statute providing "that . . . chapter 89 of the Laws of 1912 . . . be and the same is hereby repealed."

But it is said by counsel for the appellant that the provision of section 1, chapter 135, Laws of 1918, directing the state tax commission to prescribe the form of the assessment rolls, delegates to it the legislative power of determining what facts the assessment rolls shall contain for the information of the assessing officers in assessing the property listed thereon, and therefore violates section 33 of our state Constitution.    While this power is legislative

in character, it is not exclusively so, and relates to a mere administrative detail of such character as is within the power of the legislature to delegate to the officers charged with the execution of the statute. *Abbott* v. *State,* 106 Miss. 340, 63 So. 667; *United States* v. *Grimaud,* 220 U. S. 506, 31 Sup. Ct. 480, 55 L. Ed. 563; 6 R. C. L. 178.

*Affirmed.*